```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO: 13-266 |
| WILLIAM H. SIBLEY, DANIEL E. BECNAL, JR., and BRADLEY D. BECNAL | SECTION: R(4) |

**ORDER AND REASONS**

The United States moves the Court to enter a default judgment against defendant William Sibley.[1] For the following reasons, the Court GRANTS the government's motion.

**I.   Background**

On February 13, 2013, the United States brought this civil action against Sibley, Daniel Becnal, Jr., and Bradley Becnal.[2] Count I of the United States' complaint seeks to reduce to judgment unpaid federal income tax liabilities assessed against Sibley for the years 2004, 2005, 2006, 2008 and 2009. The complaint details Sibley's outstanding liabilities for each of these years, including penalties and interest.[3] It alleges that "[a]s of December 5, 2012, Sibley owes a total of $2,727,166.02

---

[1] R. Doc. 14.

[2] R. Doc. 1.

[3] *Id.* at 2-4.

. . . plus further interest and statutory additions thereon as allowed by law."[4]

Count II of the complaint seeks to collect Sibley's unpaid federal income tax liabilities by foreclosing tax liens the United States held against Sibley's interest in two limited liability companies.[5] Daniel and Bradley Becnal are members and interest holders in the two companies.[6] On August 16, 2013, the United States and the Becnals moved jointly to dismiss Count II pursuant to a settlement agreement.[7] On August 28, 2013, the Court granted the motion, dismissing Count II and dismissing the Becnals as parties to the case.[8]

On March 25, 2013, Brent Schouest, a revenue officer with the Internal Revenue Service ("IRS"), served a summons on Sibley in this action.[9] Sibley's response to the United States' complaint was due 21 days from the date of service of the summons – *i.e.*, on April 15, 2013. See Fed. R. Civ. P. 12(1)(A). Sibley filed no answer or motion by that date.

---

[4] *Id.* at 5.

[5] *Id.* at 1.

[6] *Id.*

[7] R. Doc. 18.

[8] R. Doc. 19.

[9] R. Doc. 9.

On April 17, 2013, the United States filed a motion for entry of default against Sibley.[10] The clerk entered default against Sibley on the same day.[11]

On May 3, 2013, the United States filed its motion for default judgment as to Sibley. It now seeks judgment in the amount of $2,761,170.41 for Sibley's unpaid federal income tax liabilities, including accrued interest through May 1, 2013.[12] Attached to the United States' motion is a declaration by Schouest delineating Sibley's tax liability for each of the five relevant years, including penalties and interest.[13] Attached to Schouest's declaration are IRS account transcripts detailing Sibley's tax liability,[14] as well as computational printouts calculating Sibley's unpaid balance for each year plus accrued interest through May 1, 2013.[15] The total for all five years is $2,761,170.41.

---

[10] R. Doc. 10.

[11] R. Doc. 11.

[12] R. Doc. 14 at 1.

[13] R. Doc. 14-1.

[14] *Id.* at 6-15.

[15] *Id.* at 16-20.

## II. Legal Standard

Under Federal Rule of Civil Procedure 55(b), the Court may enter a default judgment against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required time period. Fed. R. Civ. P. 55(b). A plaintiff who seeks a default judgment against an unresponsive defendant must proceed through two steps. First, the plaintiff must petition the court for the entry of default, which is simply "a notation of the party's default on the clerk's record of the case." *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986); *see also United States v. Hansen*, 795 F.2d 35, 37 (7th Cir. 1986) (describing the entry of default as "an intermediate, ministerial, nonjudicial, virtually meaningless docket entry"). Before the clerk may enter the default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Beyond that requirement, however, the entry of default is largely mechanical.

After the defendant's default has been entered, the plaintiff may request the entry of judgment on the default. In that context, the court deems the plaintiff's well-pleaded factual allegations admitted. *See Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). At the same time, the court does not hold the defaulting defendant "to admit facts that are not well-pleaded or to admit conclusions of

law." *Id.* If the plaintiff's claim is for a sum certain and the defendant has not made an appearance in court, the clerk may enter a default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). No party is entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). The disposition of a motion for the entry of default judgment ultimately rests within the sound discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

**III. Discussion**

*A. Jurisdiction*

    Before entering judgment, a district court must "look into its jurisdiction both over the subject matter and the parties." *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)) (quotation marks removed). Judgment entered in the absence of jurisdiction is void, and the Court must therefore refrain from entering judgment if its jurisdiction is uncertain.

    Here, the Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1340 and 1345 and under 26 U.S.C. §

7402(a). The Court also has personal jurisdiction over Sibley. The record demonstrates that Sibley resides in the Eastern District of Louisiana and that the government properly served him.[16] Accordingly, the Court finds that it has jurisdiction over both the subject matter and the parties.

*B. Entry of Default Judgment*

The record shows that Sibley was served with process on March 25, 2013, but has failed to plead or otherwise defend against the United States' claims. Indeed, Sibley has made no appearance at all. Although judgments by default are generally disfavored, *see Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998), the Court finds that Sibley's failure to appear has made it impossible to achieve a "just, speedy, and inexpensive disposition" of this case on the merits. *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). The record does not reveal any excuse for Sibley's failure to appear. Accordingly, the Court will enter a default judgment against him.

*C. Amount of Liability*

The United States alleges that, as of May 1, 2013, Sibley's total tax liability for the years 2004, 2005, 2006, 2008 and 2009 is $2,761,170.41. This figure comprises Sibley's unpaid income tax for each of those years, various penalties, and interest

---

[16] R. Doc. 9.

pursuant to 26 U.S.C. §§ 6621 and 6622.[17] Schouest's declaration, and the accompanying IRS account transcripts and computational printouts, confirm the accuracy of this figure.[18]

## IV. Conclusion

For the foregoing reasons, the United States' motion for default judgment is GRANTED. Judgment is entered against Sibley for his unpaid federal income tax liabilities for the tax years 2004, 2005, 2006, 2008 and 2009 in the amount of $2,761,170.41 as of May 1, 2013, plus interest pursuant to 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6621 and 6622 and statutory additions accruing thereafter as provided by law.

New Orleans, Louisiana, this __15th__ day of October, 2013.

_____
**SARAH S. VANCE**
**UNITED STATES DISTRICT JUDGE**

---

[17] R. Doc. 14 at 4-7.

[18] R. Doc. 14-1 at 6-20.